IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BARRY S. POLLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2882 D/P |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S SECOND MOTION FOR RECONSIDERATION

Before the Court is the motion (dkt.# 36) of the United States of America ("Defendant") for reconsideration of the Court's January 18, 2005 Orders granting Plaintiff's motion for reconsideration and denying Defendant's motion for reconsideration of the Court's July 28, 2004 Order granting in part and denying in part Defendant's motion for summary judgment. Plaintiff Barry Pollack ("Plaintiff") brought this action pursuant to 26 U.S.C. § 6330(d) for judicial review of a Notice of Determination by the Internal Revenue Service ("IRS"). Plaintiff challenged the IRS's assessment against him of a trust fund recovery penalty, the IRS's collection action, and the Federal Tax Lien that the IRS filed against him. The Court granted Defendant's motion for summary judgment as to the issue of Plaintiff's tax liability and denied Defendant's motion for summary judgment as to review of the collection due process hearing. The Court then granted Plaintiff's motion for reconsideration of that order, determining that a genuine issue of material fact exists as to the question of liability. Defendant now moves the Court to reconsider that order. For the following reasons, Defendant's motion for reconsideration is GRANTED.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-20-05

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons:

> 1) An intervening change of controlling law;
>
> 2) Evidence not previously available has become available; or
>
> 3) It is necessary to correct a clear error of law or prevent manifest injustice.

Fed. R. Civ. P. 59(e); Helton v. ACS Group and J&S Cafeterias of Pigeon Forge, Inc., 964 F. Supp 1175 (E.D. Tenn. 1997). Rule 59 is not intended to be used to "relitigate issues previously considered" or to "submit evidence which in the exercise of reasonable diligence, could have been submitted before." Id. at 1182. Thus, there are limited circumstances in which a court may grant a motion to alter or amend a judgment.

Defendant argues that the Court should reconsider its previous order because the Court differentiated between an unclaimed certified letter and a refused one and, Defendant contends, the two have the same effect under the law. Defendant cites Lewin v. C.I.R., 569 F.2d 444 (7th Cir. 1978), Brown v. Lethert, 360 F.2d 560 (8th Cir. 1966), and Sego v. C.I.R., 2000 WL 889754 (U.S. T.C. 2000), to support its proposition and to show that when there is attempted delivery and the taxpayer fails to retrieve the letter from the post office, courts consider the taxpayer as having refused delivery. Specifically, in each of those cases, there was no dispute about whether the attempted address was the plaintiff's correct address. It was conceded in each case that the post office attempted delivery to the correct address and plaintiff did not pick the letter up from the post office. In those cases, the court held that failure to retrieve the letter from the post office was the equivalent of refusal.

Here, on the other hand, Plaintiff maintains that the post office attempted delivery to the

2

wrong address and Plaintiff was never made aware that there was a letter being held at the post office. Title 26 of the United States Code, Section 6330 requires that a taxpayer be given notice and an opportunity for an administrative review prior to assessment of the taxpayer's liability. "It is . . . clear that section 6330(c)(2)(B) contemplates actual receipt of the notice of deficiency by the taxpayer." Tatum v. Commissioner of Internal Revenue, 2003 WL 1918914 (U.S. T.C. 2003). In the instant case, a closer examination of the record supports Defendant's assertion that delivery was attempted at the correct address. As noted in the cases cited by Defendant, a taxpayer cannot defeat actual receipt by intentionally refusing delivery of notice. However, when a taxpayer does not receive notice through no fault of his own, he is permitted to challenge the underlying tax liabilities. Id. The Court finds that the address on the envelope and the certified mail receipt are identical, and both contain Plaintifft's correct address. Thus the Court finds, upon reconsideration, in light of applicable law, that Plainfiff was afforded notice of the opportuity to dispute the underlying tax liability before the assessment was made. The fact that he failed to accept delivery of the certified mail does not serve to defeat notice. As no genuine issue of fact exists, summary judgment is appropriate as a matter of law.

Accordingly, Defendant's motion for reconsideration is **GRANTED**.

**IT IS SO ORDERED** this _18th_ day of _May_ 2005.

_____
**BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE**

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 42 in case 2:03-CV-02882 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

---

Jerry Hanover Schwartz
LAW OFFICE OF JERRY SCHWARTZ
5100 Poplar Ave.
Ste. 2700
Memphis, TN 38137

Jason S. Zarin
U.S. DEPARTMENT OF JUSTICE
P. O. Box 227
Ben Franklin Station
Washington, DC 20044

Honorable Bernice Donald
US DISTRICT COURT